UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

IN RE:

DAVID LANXNER

      Debtor.
_____/

Case No.: 6:23-bk-05494-LVV
Chapter 13

## CHAPTER 7 TRUSTEE'S MOTION TO VACATE OR FOR RELIEF FROM ORDER CONVERTING CASE FROM CHAPTER 7 TO CHAPTER 11 (DOC. NO. 16)

ARVIND MAHENDRU, Chapter 7 Trustee of the estate of David Lanxner ("Chapter 7 Trustee"), hereby files this Motion to Vacate or for Relief from this Court's Order Converting Case from Chapter 7 to Chapter 11, dated January 17, 2024 (Doc. No. 16) ("Conversion Order"), pursuant to Bankruptcy Rules 9023 and 9024, and in support thereof, alleges as follows:

### SUMMARY OF THE ARGUMENT

The Chapter 7 Trustee seeks relief from the Conversion Order because: (1) the Debtor does not qualify to be a debtor under Chapter 11 and (2) the conversion was in bad faith. Section 1190 of the Bankruptcy Code requires debtors under Chapter 11 to surrender their disposable income to fund a plan. In this instance, the Debtor does not have any disposable income for the benefit of creditors. Moreover, the filing was timed to avoid a potential Section 727 discharge action and an imminent Section 548 fraudulent transfer action by the Chapter 7 Trustee.

1

## FACTUAL BACKGROUND

1. On December 29, 2023 (the "Petition Date"), David Lanxner ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, Case No. 6:23-bk-05494-LVV.

2. On January 4, 2024, the Debtor filed a Motion to Convert Case (DE# 8).

3. On January 17, 2024, the Court entered its *Order Converting Case from Chapter 7 to Chapter 11* (Doc. No. 16) ("Conversion Order"), without a hearing.

## MEMORANDUM OF LAW

4. A debtor does not have an unfettered right to convert from Chapter 7 to another chapter in bankruptcy. See Marrama v. Citizens Bank of Mass., 127 S. Ct. 1105, 1109 (2007) (finding a debtor does not have an absolute right to convert from Chapter 7 to Chapter 13); see also In re Mercado, 376 B.R. 340 (Bankr. M.D. Fla. 2007) (vacating a conversion from Chapter 7 to Chapter 13 due to debtor's bad faith conduct).

5. The Eleventh Circuit has opined that the Debtor's right to convert a case is "expressly conditioned on his ability to qualify as a debtor under the Chapter which he seeks to convert." See In Re Daughtrey, 896 F. 3d 1255, 1275 (2018). The Court further stated that under 11 USC §1112(b)(4)(M) cause exists to deny the conversion when the Debtor lacks the disposable income to consummate the plan. Id. at 1277.

6. In this instance, the Court should vacate the Conversion Order because the Debtor (i) does not qualify to be a Debtor under Chapter 11 pursuant to 11 U.S.C. § 1112 and (ii) has acted in bad faith prior to filing of this bankruptcy case.

### A.    Debtor Cannot be a Debtor Under Chapter 11

7.    As a threshold matter, Debtor does not qualify as a debtor under Chapter 11 as 11 U.S.C. § 706 prohibits a debtor from converting from Chapter 7 to Chapter 11 unless the debtor qualifies to be a debtor under Chapter 11.

8.    Pursuant to 11 U.S.C. § 1112 and 1190, the debtor must have disposable income to consummate the plan.  Without disposable income, cause exists to vacate the Conversion Order.  See In re Daughtery, 896 F. 3d 1255.

9.    In this instance, the Debtor has failed to sufficiently evidence that he has disposable income.  Schedules I and J reflect that the Debtor's net monthly income is ***negative*** $11,364.67.  For this reason alone, Debtor does not, and cannot, qualify as a debtor under Chapter 11, and the Court should therefore vacate the Conversion Order.

### B.    Debtor Acted in Bad Faith

10.    Secondly, Debtor has acted in bad faith prior to commencing his bankruptcy case, through several transfers to relatives.

11.    A debtor is precluded from seeking relief under Chapter 11 if the debtor has acted in bad faith.  See Mercado, 376 B.R. at 341.

12.    In the case at bar, Debtor has acted in bad faith prior to filing by engaging in three transfers of assets under his name.  On October 29, 2023, the Debtor sold a 2022 Mercedes Benz and received $48,000 from the sale.  The deposit of these funds in a joint account with Debtor's wife would be a fraudulent conversion of a non-exempt asset to an exempt one. In September of 2023, the Debtor transferred his interest in two Limited Liability Companies to his wife.  Based on Sunbiz filings, the Debtor appears to be the sole member of the two LLCs.  If this is correct,

then the Debtor's purpose in making these transfers is to preclude the Trustee from liquidating the two LLCs.

13. The Debtor may have potentially transferred fifty percent ownership in the 2015 Land Rover to his wife in August of 2023 resulting in the Debtor applying the tenancy by entirety exemption.

14. The Debtor's conversion to Chapter 11 was also undertaken for the improper purpose of avoiding a potential § 727 discharge action and a potential § 548 fraudulent transfer action.

WHEREFORE, the Chapter 7 Trustee respectfully requests that this Court enter an order vacating or granting relief from the Court's *Order Converting Case from Chapter 7 to Chapter 11* (Doc. No. 16), and for any further relief that this Court deems just and proper.

/s/Arvind Mahendru
Arvind Mahendru, Esq.
5717 Red Bug Lake Rd #284
Winter Springs, Florida 32708
Telephone (407) 504-2462
E-mail: amtrustee@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 22, 2024, a true and correct copy of the foregoing has been furnished via:

**CM/ECF to:**

United States Trustee, George C. Young Federal Bldg., 400 W. Washington Street, Suite 1100, Orlando, FL 32801;

Kenneth D Herron, Jr, via ECF

***United States Mail to:***

Debtor, 1529 Holts Grove Cir, Winter Park, FL 32789

/s/Arvind Mahendru
Arvind Mahendru, Esq.